**Pablo Cesar Sanchez SURIANO,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–71833.

Agency No. A72–510–505.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before SCHROEDER, Chief Judge,
HAWKINS and TASHIMA, Circuit
Judges.

MEMORANDUM **

Pablo Cesar Sanchez Suriano, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Suriano failed to establish past persecution or a well-founded fear of future persecution because he presented no evidence that guerillas attempted to forcibly recruit him based on his actual or imputed political beliefs. *See INS v. Eli-as–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Suriano does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John KOPYSTENSKI, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Rena Kopystenski, Defendant—
Appellant.**

Nos. 03–10036, 03–10037.

D.C. No. CR–98–00117–PMP.

United States Court of Appeals,
Ninth Circuit.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

John Kopystenski and Rena Kopystenski appeal their five-month sentences upon revocation of supervised release. We lack jurisdiction and dismiss.

The parties agree that both Kopystenskis have completed their sentences on revocation, and thus lack standing to raise any challenge to them. *See United States v. Palomba,* 182 F.3d 1121, 1123 (9th Cir. 1999) (citing *Spencer v. Kemna,* 523 U.S. 1, 12–13, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Because they challenge the sentences imposed upon revocation of supervised release, and not the underlying convictions, we cannot presume collateral consequences so as to render the appeal justiciable. *See Palomba,* 182 F.3d at 1123. Accordingly, we do not reach the merits of their Eighth Amendment challenge to their five-month sentences for multiple violations of supervised release.

**DISMISSED.**

Gary B. JEFFERSON, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 03–55013.

D.C. No. CV–01–7613–RMT.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.